UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED
MAY - 8 2013
U. S. DISTRICT COURT
E. DIST. OF MO.
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. S1-4:12CR373 AGF |
| vs. ) | |
| ) | |
| JIMI CLARK, ) | |
| RAY REED, ) | |
| MARY TAYLOR, ) | |
| ) | |
| Defendants. ) | |

## SUPERSEDING INDICTMENT

### COUNT I (Conspiracy)

The Grand Jury charges:

*THE CONSPIRACY*

1.   From on or about September 11, 2009, the exact date being unknown to the Grand Jury, and continuing thereafter up to and including April 15, 2010, in the Eastern District of Missouri,

JIMI CLARK,
RAY REED, and
MARY TAYLOR,

defendants herein and others known and unknown to the Grand Jury, did unlawfully, voluntarily, intentionally and knowingly conspire, combine, confederate, and agree together and with each other and with other individuals, both known and unknown to the Grand Jury, to defraud the United States and to commit offenses against the United States, to wit: violations of Title 26, United States Code Section 7206(2) and to aid and assist in the preparation of false income tax returns, for the purpose of impeding, impairing, obstructing and defeating the lawful Government

functions of the Internal Revenue Service of the Treasury Department in the ascertainment, computation, assessment and collection of the revenue, to wit: income taxes and income tax credits.

### *PARTIES, PERSONS AND ENTITIES*

At all relevant times,

2.  Defendant Jimi Clark was the owner and operator of a Mo' Money Taxes ("Mo' Money") franchise located in the City of St. Louis within the Eastern District of Missouri Defendant Clark, as owner and operator, was responsible for the day-to-day operations of the Mo' Money franchise. Clark oversaw the preparation of tax returns, address specific questions about returns as they arose, and generally supervised all preparers working in his franchise including his co-defendants.

3.  Defendants Ray Reed and Mary Taylor were employed as tax return preparers for Mo' Money and prepared 2009 tax returns for hundreds of Mo' Money clients.

4.  Before beginning work for Mo' Money, Defendants Clark and Taylor took an in-house training course from Mo' Money. Defendant Reed had training and experience as a tax return preparer prior to 2010. Training including the proper claiming and documentation fo tax credits including educational tax credits.

### *MANNER AND MEANS BY WHICH THE CONSPIRACY WAS CARRIED OUT*

The manner and means by which the conspiracy was sought to be accomplished included, among others, the following:

5.  Defendants were trained on educational tax credits including the American Opportunity

Credit ("AO Credit"). AO Credits allow certain taxpayers with certain educational expenses to take a credit against taxes due and owing. Some portions of the AO Credit are non-refundable, meaning they can only reduce income taxes due and owing. Other portions of the AO Credit are refundable, meaning they can be taken over and above any taxes due and owing the government by a taxpayer.

6. Defendants abused the AO Credit program at the Mo' Money franchise during the 2010 filing season to attract and keep clients. Defendants and their co-conspirators filed at least 47 returns with false and inflated AO Credit line items (the "false returns"). On the vast majority of the line items on which AO Credits were claimed on the false returns, Defendants claimed exactly $3,765 in qualified education expenses on IRS Form 8863, the tax form on which such expenses are to be claimed. Out of 494 tax returns prepared at the Defendants' office for the 2009 tax year, more than half, 288 returns, claimed AO credits.

7. On each of the 47 returns listed below, the taxpayers did not incur educational expenses as claimed and were not entitled to AO credits in the amount claimed. Most often, the taxpayers had no educational expenses whatsoever.

8. Typically, contrary to usual practice, Defendants did not receive or maintain any documentation of educational expenses supporting the claims for AO credits they placed on returns.

9. Defendant Reed falsely claimed the AO credit on his personal 2009 tax return.

*OVERT ACTS*

In furtherance of the conspiracy, and to effect the objects thereof, the following overt acts were committed in the Eastern District of Missouri:

10. The following 47 tax returns, all of which contained false educational tax credit lines and thereby caused the taxpayer to receive refunds to which they were not lawfully entitled, were filed by the Defendants and other members of the conspiracy through the Mo' Money franchise owned by Defendant Clark during the 2009 filing season. These returns were all electronically filed by the Defendants or by other members of the conspiracy before the filing deadline and were therefore deemed filed on April 15, 2010.

| Taxpayer | False Credits Claimed |
| --- | --- |
| V.M. | $976 |
| C.M. | $976 |
| R.R. | $820 |
| N.G. | $976 |
| K.M. | $2,010 |
| A.T. | $976 |
| V.B. | $976 |
| S.B. | $976 |
| J.B. | $976 |
| C.C. | $976 |
| P.D. | $976 |
| O.E. | $1,137 |
| R.J. | $976 |
| P.M. | $976 |
| C.M. | $976 |

| | |
|---|---|
| S.M. | $976 |
| D.P. | $976 |
| A.Q. | $1,309 |
| K.V. | $976 |
| J.B. | $976 |
| Q.B. | $1,461 |
| T.C. | $976 |
| S.D. | $976 |
| S.E. | $976 |
| T.F. | $976 |
| C.H. | $976 |
| Y.L. | $1,704 |
| S.N. | $2,204 |
| T.P. | $976 |
| V.P. | $976 |
| L.P. | $2,441 |
| D.R. | $2,129 |
| L.S. | $1,065 |
| K.A. | $1,000 |
| T.C. | $1,000 |
| S.E. | $1,000 |
| M.H. | $1,497 |

| | |
|---|---|
| M.H. | $975 |
| M.H. | $975 |
| P.M. | $976 |
| A.M. | $1,684 |
| K.G. | $976 |
| D.J. | $976 |
| K.J. | $976 |
| D.P. | $2,100 |
| C.Q. | $976 |
| B.W. | $976 |

In violation of Title 18, United States Code Section 371.

### COUNT II (Aiding and Abetting Preparation of False Returns)

1. The allegations contained in Count I are realleged and hereby incorporated by reference.

2. On or about April 15, 2010, in the Eastern District of Missouri, the Defendant

**JIMI CLARK,**

did willfully aid and assist in, and did procure, counsel and advise the preparation and presentation to the Internal Revenue Service of a U.S. Individual Income Tax Return, Form 1040 for 2009. The return was false and fraudulent as to a material matter, in that it represented the taxpayer, N.G., was entitled to an AO Credit in the amount of $976 due to $3,765 in educational expenses she incurred during 2009, whereas, as the Defendant then knew, N.G. had incurred no educational expenses and was, therefore, not entitled to any AO Credit for 2009.

In violation of Title 26, United States Code Section 7206(2).

### COUNT III (Aiding and Abetting Preparation of False Returns)

1. The allegations contained in Count I are realleged and hereby incorporated by reference.

2. On or about April 15, 2010, in the Eastern District of Missouri, the Defendants

**JIMI CLARK and
MARY TAYLOR,**

did willfully aid and assist in, and did procure, counsel and advise the preparation and presentation to the Internal Revenue Service of a U.S. Individual Income Tax Return, Form 1040 for 2009. The return was false and fraudulent as to a material matter, in that it represented the taxpayer, S.B., was entitled to an AO Credit in the amount of $976 due to $3,765 in educational expenses she incurred during 2009, whereas, as the Defendant then knew, S.B. had incurred no educational expenses and was, therefore, not entitled to any AO Credit for 2009.

In violation of Title 26, United States Code Section 7206(2).

### COUNT IV (Aiding and Abetting Preparation of False Returns)

1. The allegations contained in Count I are realleged and hereby incorporated by reference.

2. On or about April 15, 2010, in the Eastern District of Missouri, the Defendant

**JIMI CLARK,**

did willfully aid and assist in, and did procure, counsel and advise the preparation and presentation to the Internal Revenue Service of a U.S. Individual Income Tax Return, Form 1040 for 2009. The return was false and fraudulent as to a material matter, in that it represented the taxpayer, V.M., was entitled to an AO Credit in the amount of $976 due to $3,765 in educational expenses she incurred during 2009, whereas, as the Defendant then knew, V.M. had incurred no educational expenses and was, therefore, not entitled to any AO Credit for 2009.

In violation of Title 26, United States Code Section 7206(2).

### COUNT V (Aiding and Abetting Preparation of False Returns)

1. The allegations contained in Count I are realleged and hereby incorporated by reference.

2. On or about April 15, 2010, in the Eastern District of Missouri, the Defendant

### JIMI CLARK,

did willfully aid and assist in, and did procure, counsel and advise the preparation and presentation to the Internal Revenue Service of a U.S. Individual Income Tax Return, Form 1040 for 2009. The return was false and fraudulent as to a material matter, in that it represented the taxpayer, C.M., was entitled to an AO Credit in the amount of $976 due to $3,765 in educational expenses she incurred during 2009, whereas, as the Defendant then knew, C.M. had incurred no educational expenses and was, therefore, not entitled to any AO Credit for 2009.

In violation of Title 26, United States Code Section 7206(2).

### COUNT VI (Aiding and Abetting Preparation of False Returns)

1. The allegations contained in Count I are realleged and hereby incorporated by reference.

2. On or about April 15, 2010, in the Eastern District of Missouri, the Defendant

### RAY REED,

did willfully aid and assist in, and did procure, counsel and advise the preparation and presentation to the Internal Revenue Service of a U.S. Individual Income Tax Return, Form 1040 for 2009. The return was false and fraudulent as to a material matter, in that it represented the taxpayer, K.J., was entitled to an AO Credit in the amount of $976 due to $3,765 in educational expenses she incurred during 2009, whereas, as the Defendant then knew, K.J. had incurred no educational expenses and was, therefore, not entitled to any AO Credit for 2009.

In violation of Title 26, United States Code Section 7206(2).

### COUNT VII (Aiding and Abetting Preparation of False Returns)

1. The allegations contained in Count I are realleged and hereby incorporated by reference.

2. On or about April 15, 2010, in the Eastern District of Missouri, the Defendant

**RAY REED,**

did willfully aid and assist in, and did procure, counsel and advise the preparation and presentation to the Internal Revenue Service of a U.S. Individual Income Tax Return, Form 1040 for 2009. The return was false and fraudulent as to a material matter, in that it represented the taxpayer, B.W., was entitled to an AO Credit in the amount of $976 due to $3,765 in educational expenses she incurred during 2009, whereas, as the Defendant then knew, B.W. had incurred no educational expenses and was, therefore, not entitled to any AO Credit for 2009.

In violation of Title 26, United States Code Section 7206(2).

### COUNT VIII (Aiding and Abetting Preparation of False Returns)

1. The allegations contained in Count I are realleged and hereby incorporated by reference.

2. On or about April 15, 2010, in the Eastern District of Missouri, the Defendant

**RAY REED,**

did willfully aid and assist in, and did procure, counsel and advise the preparation and presentation to the Internal Revenue Service of a U.S. Individual Income Tax Return, Form 1040 for 2009. The return was false and fraudulent as to a material matter, in that it represented the taxpayer, C.Q., was entitled to an AO Credit in the amount of $976 due to $3,765 in educational expenses she incurred during 2009, whereas, as the Defendant then knew, C.Q. had incurred no educational expenses and was, therefore, not entitled to any AO Credit for 2009.

In violation of Title 26, United States Code Section 7206(2).

### COUNT IX (Aiding and Abetting Preparation of False Returns)

1. The allegations contained in Count I are realleged and hereby incorporated by reference.

2. On or about April 15, 2010, in the Eastern District of Missouri, the Defendant

### MARY TAYLOR,

did willfully aid and assist in, and did procure, counsel and advise the preparation and presentation to the Internal Revenue Service of a U.S. Individual Income Tax Return, Form 1040 for 2009. The return was false and fraudulent as to a material matter, in that it represented the taxpayer, C.M., was entitled to an AO Credit in the amount of $976 due to $3,765 in educational expenses she incurred during 2009, whereas, as the Defendant then knew, C.M. had not incurred educational expenses in that amount and was, therefore, not entitled to the AO Credit claimed for 2009.

In violation of Title 26, United States Code Section 7206(2).

### COUNT X (Aiding and Abetting Preparation of False Returns)

1. The allegations contained in Count I are realleged and hereby incorporated by reference.

2. On or about April 15, 2010, in the Eastern District of Missouri, the Defendant

### MARY TAYLOR,

did willfully aid and assist in, and did procure, counsel and advise the preparation and presentation to the Internal Revenue Service of a U.S. Individual Income Tax Return, Form 1040 for 2009. The return was false and fraudulent as to a material matter, in that it represented the taxpayer, A.Q., was entitled to an AO Credit in the amount of $1,309 due to $3,765 in educational expenses she incurred during 2009, whereas, as the Defendant then knew, A.Q. had incurred no educational expenses and was, therefore, not entitled to any AO Credit for 2009.

In violation of Title 26, United States Code Section 7206(2).

### COUNT XI (Aiding and Abetting Preparation of False Returns)

1. The allegations contained in Count I are realleged and hereby incorporated by reference.

2. On or about April 15, 2010, in the Eastern District of Missouri, the Defendant

**MARY TAYLOR,**

did willfully aid and assist in, and did procure, counsel and advise the preparation and presentation to the Internal Revenue Service of a U.S. Individual Income Tax Return, Form 1040 for 2009. The return was false and fraudulent as to a material matter, in that it represented the taxpayer, M.T., was entitled to an AO Credit in the amount of $976 due to $3,765 in educational expenses she incurred during 2009, whereas, as the Defendant then knew, P.D. had incurred no educational expenses and was, therefore, not entitled to any AO Credit for 2009.

In violation of Title 26, United States Code Section 7206(2).

A TRUE BILL

_____
FOREPERSON

RICHARD G. CALLAHAN
United States Attorney


_____
THOMAS C. ALBUS, #46224MO
Assistant United States Attorney